**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Maria Crimi Speth (012574)
mcs@jaburgwilk.com
Aaron K. Haar (030814)
akh@jaburgwilk.com

**Holland & Knight LLP**
200 South Orange Avenue, Suite 2600
Orlando, Florida 32801
407.425.8500

Judith M. Mercier (*pro hac vice application forthcoming*)
Judy.Mercier@hklaw.com
Benjamin A. Taormina (*pro hac vice application forthcoming*)
Benjamin.Taormina@hklaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CarGuard Administration Inc., an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>National Administrative Service Co., LLC, an Ohio limited liability company; Dimension Service Corporation, an Ohio corporation; Affordable Auto Protection, LLC, a Florida limited liability company; Autoguard Advantage Corporation, an Ohio corporation; and Augustus Renny, a Florida resident,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff CarGuard Administration Inc. alleges:

## **PRELIMINARY STATEMENT**

1. This is an action for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for vicarious and contributory trademark infringement and unfair competition; and for related claims of

defamation, trademark infringement, and unfair competition under the common law of the State of Arizona.

**PARTIES**

2. Plaintiff CarGuard Administration, Inc. ("CarGuard") is a corporation that was originally incorporated in the State of Kansas on January 28, 2015. On April 15, 2020, CarGuard re-domesticated to the State of Arizona.

3. Defendant National Administrative Service Co., LLC ("NASC") is an Ohio limited liability company with its principal place of business at 5500 Frantz Rd, Ste 100, Dublin, Ohio 43017.

4. Upon information and belief, NASC's members are all citizens of States other than Arizona.

5. Defendant Dimension Service Corporation ("Dimension") is an Ohio corporation with its principal place of business at 5500 Frantz Rd, Ste 100, Dublin, Ohio 43017.

6. Defendant Autoguard Advantage Corporation ("Autoguard") is an Ohio corporation with its principal place of business at 5500 Frantz Road, Ste 100, Dublin, Ohio 43017.

7. Upon information and belief, Defendants NASC, Dimension, and Autoguard are affiliated companies, which share the same office, staff, directors, shareholders.

8. Defendant Affordable Auto Protection, LLC ("AAP") is a Florida limited liability company with its principal place of business at 1300 Old Congress Rd, West Palm Beach, Florida 33409.

9. Upon information and belief, Defendant AAP is owned and operated in whole or in part by Augustus "Gus" Renny.

10. Upon information and belief, AAP's members are all citizens of States other than Arizona.

11. Defendant Renny is an individual who, upon information and belief, was, at all relevant times, a resident of the State of Florida.

## JURISDICTION & VENUE

12. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

13. Pursuant to 28 U.S.C. § 1332(a), there exists complete diversity of citizenship among the parties to this action and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. By virtue of the foregoing, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

14. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants transact business and solicit business on a regular, systematic, and continuous basis within the State of Arizona, and CarGuard's claims arise out of these transactions and solicitations of business.

15. Alternatively, this Court has personal jurisdiction over Defendants arising from Defendants' commission of an intentional act expressly aimed at Arizona causing harm Defendants knew was likely to be suffered in Arizona.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

17. CarGuard is an administrator of vehicle service contracts ("VSC").

18. A VSC, also known as an extended car warranty, is a paid plan that helps cover costly car repairs and takes effect upon expiration of the manufacturer's warranty.

19. VSC administration involves program design, pricing, underwriting, and billing and claims administration.

20. CarGuard has been in the business of administering VSCs since 2015 and has administered over 100,000 VSCs since its inception.

21. Since 2015, CarGuard has continuously and exclusively used the service mark CARGUARD in interstate commerce in connection with administering VSCs.

22. As a result of its widespread, continuous, and substantially exclusive use of the CARGUARD mark to identify its services, and CarGuard as their source, CarGuard owns valid and subsisting common law rights to the CARGUARD mark.

23. CarGuard's CARGUARD mark is distinctive to both the consuming public and in CarGuard's trade.

24. CarGuard has expended substantial time, money, and resources marketing, advertising, and promoting the services offered under the CARGUARD mark.

25. Shortly after CarGuard's formation, CarGuard registered its tradename "CarGuard Administration, Inc." with the Secretary of State in each state in which CarGuard did business, including Ohio, Kansas, and Arizona.

**Defendants' Unlawful Conduct**

26. At all relevant times, Defendants were aware of CarGuard and its operations under the CARGUARD mark.

27. Defendants have never registered, sought to register, or in any other way purported to own the CARGUARD mark.

28. Defendants have never registered the tradename "CarGuard," or any variation thereof, in any State where it does business.

29. In mid-2017, during an industry conference in Las Vegas, Nevada, CarGuard hosted a social event for companies in the industry, which conference was attended by CarGuard's then-Chief Executive Officer Elijah Norton.

30. Haytham ElZayn, owner of NASC, Autoguard, and Dimension, also attended the event.

31. At the event, ElZayn approached Norton and, in the course of conversation, indicated he was aware of CarGuard and its use of the CARGUARD mark in connection with administering VSCs.

4

32. At that time, ElZayn did not express any concern over CarGuard's use of the CARGUARD mark and did not dispute CarGuard's right to use the mark.

33. VSC administrators generally offer various programs based on varying levels of coverage.

34. A VSC administrator, like CarGuard, may have multiple programs with different names, such as "platinum coverage" and "gold coverage."

35. The program names assist the VSC program administrator in distinguishing among the different types of programs it administers.

36. Dealers and sellers in the VSC industry typically market VSC administrators' services under the VSC administrator's company name.

37. It would be highly unusual for a dealer or seller to market a specific program name.

38. On September 3, 2020, Vajara Samararatine contacted CarGuard's president, Trevor Smith, via telephone and requested a meeting to discuss starting his own VSC administrator.

39. That same day, Smith met with Samararatine and others in San Clemente, California.

40. At the meeting, Samararatine informed Smith that it was his intention to start his own administrative company or have an existing administrative company "private label" a VSC program for him.

41. Samararatine outlined his plans to create a vertically integrated VSC administrator.

42. Samararatine proposed that he would provide leads through wholly-owned or affiliated sellers and would form an administrative company (with CarGuard as an owner) or obtain such services via private label, whereby CarGuard would be the administrator but Samararatine would have input over product and program development.

5

43. Samararatine estimated that his team could generate "around 5,000-6,000 VSCs per month" through this arrangement.

44. Smith told Samararatine he would take the matter under advisement.

45. Smith ultimately decided not to proceed with the proposed business opportunity because he did not want CarGuard to be affiliated with what he understood would be robocallers.

46. In mid- to late-September, Smith informed Samararatine that CarGuard would decline the opportunity.

47. On October 15, 2020, Smith met with Samararatine and Defendant Augustus "Gus" Renny in Newport Coast, California.

48. At the meeting, Samararatine indicated that he was "partnering up" with Renny and that they were going to court other VSC administration companies if CarGuard was not interested.

49. At the conclusion of the meeting, Smith reiterated that CarGuard was not interested.

50. On March 12, 2021 at 10:54 AM, Charles Gonzales, a CarGuard accounting manager located in Arizona, received, in his individual capacity, an automated, pre-recorded telephone call that stated it was calling about Gonzales' expired automotive warranty.

51. The call came from the telephone number (480) 605-3223.

52. The pre-recorded message instructed Gonzales to "press '1' to speak with a representative from *CarGuard*."

53. Gonzales pressed "1" and was connected with a live person.

54. The live person identified himself as Jeff Carr.

55. Carr represented that the warranty on Gonzales's vehicle had expired and implored Gonzales to purchase a VSC.

56. Gonzales proceeded to purchase the VSC.

57. Carr stated the VSC would require a downpayment of $199.00 and the remaining balance would be financed through Mepco Payment Plans, with monthly payments of $175.18 over 22 months.

58. Gonzales gave Carr his credit card information.

59. Carr stated that all confirmatory paperwork would be mailed to Gonzales in Arizona.

60. Gonzales later called the customer service number provided by Carr and requested a copy of the relevant documents.

61. Customer service emailed a specimen copy of the contract to Gonzales.

62. A true and correct copy of the contract (the "Specimen Contract") is attached as **Exhibit A**.

63. The Specimen Contract identifies NASC as the "Administrator" of the VSC.

64. The Specimen Contract identifies Autoguard as the "Service Contract Provider" for Arizona residents.

65. The Specimen Contract includes the phrase "Car Guard Select" in the footer of each page.

66. On April 8, 2021, Gonzales received a payment confirmation and an e-mail from customerservice@useaap.com that stated, "Congratulations on your intelligent decision to activate your vehicle protection plan while you still qualify. . . ."

67. The email was signed by Jeff Carr with a telephone number of (888) 678-0697.

68. A true and correct copy of the April 8, 2021 email is attached as **Exhibit B**.

69. The payment confirmation indicated it was "A Message from AAP" and identified AAP as the entity to which the payment was made.

70. AAP is the registrant of the domain name <useaap.com>.

71. Gonzales later received another automated email with contract details.

7

72. The email identified the contract number as "DAE1009605."

73. A true and correct copy of the email is attached as **Exhibit C**.

74. The website at <useaap.com> does not use the term "CarGuard" or "Car Guard."

75. Carr eventually sent Gonzales a copy of the VSC Application.

76. The VSC Application identifies AAP as the "Seller."

77. The VSC Application includes the phrase "Car Guard Select" in the footer of each page.

78. A true and correct copy of the VSC Application is attached as **Exhibit D**.

## COUNT ONE
(Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(a))
(Against All Defendants)

79. CarGuard realleges all other allegations in this Complaint.

80. In the March 12, 2021 call to Gonzales, Defendants misrepresented that they were CarGuard.

81. The misrepresentation was made by automated, pre-recorded telephone call (or robocall) in violation of the Telephone Consumer Protection Act of 1991 (the "TCPA"), 47 U.S.C. § 227.

82. Upon information and belief, Defendants have made this misrepresentation hundreds of thousands of times.

83. Upon information and belief, Defendants have made this misrepresentation to shield itself from liability to consumers and from criminal prosecution for willful violation of the TCPA.

84. Defendants have further misrepresented that their services were affiliated with CarGuard by using the phrase "Car Guard Select" in the footer of their VSC applications and contracts.

85. Upon information and belief, Defendants have adopted the name "Car Guard Select" as one of their programs as further cover for their unlawful misrepresentations.

8

86. Defendants' misrepresentations are likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' offerings, and are likely to cause consumers to believe, contrary to fact, that Defendants' offerings are sold, authorized, endorsed, or sponsored by CarGuard, or that Defendants are in some way affiliated with or sponsored by CarGuard.

87. Defendants' conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with CarGuard.

88. Defendants' conduct is also likely to cause consumers and law enforcement to believe that CarGuard has engaged in unlawful robocalling in violation of the TCPA.

89. Defendants' unauthorized use in commerce of the CARGUARD mark constitutes use of a false designation of origin and misleading description and representation of fact.

90. Defendants' conduct also constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

91. Defendants' conduct is causing immediate and irreparable harm and injury to CarGuard, and to its goodwill and reputation, and will continue to both damage CarGuard and confuse the public unless enjoined by this court. CarGuard has no adequate remedy at law.

92. CarGuard is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorney fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT TWO**

(Defamation)
(Against All Defendants)

93. CarGuard realleges all other allegations in this Complaint.

9

94. Defendants made a false statement concerning CarGuard when, in the course of violating the TCPA, they stated "press '1' to speak with a representative from CarGuard."

95. This statement was published to Gonzales and, upon information and belief, thousands of other recipients of the robocall.

96. The statement tends to harm CarGuard's reputation because CarGuard will be wrongly associated with illegal conduct and annoying robocalls, which may subject CarGuard to civil lawsuits and criminal prosecution.

**COUNT THREE**
(Common Law Trademark Infringement)
(Against All Defendants)

97. CarGuard realleges all other allegations in this Complaint.

98. Defendants' conduct violates CarGuard's common law trademark rights.

99. The public recognizes CarGuard as the source of services under the CARGUARD mark.

100. Defendants' actions are likely to cause confusion, or mistake, or to deceive as to Defendants' affiliation, connection, or association with CarGuard, or as to the origin, sponsorship, or approval of its commercial activities.

101. Defendants committed these acts maliciously and in conscious disregard of CarGuard's rights.

**COUNT FOUR**
(Common Law Unfair Competition)
(Against All Defendants)

102. CarGuard realleges all other allegations in this Complaint.

103. Defendants' conduct of committing a criminal act while pretending to be CarGuard constitutes unfair competition.

104. Defendants' actions are likely to cause damages to CarGuard and subject CarGuard to liability and criminal prosecution.

105. Defendants committed these acts maliciously and in conscious disregard of CarGuard's rights.

## COUNT FIVE
(Contributory Trademark Infringement and Unfair Competition)
(Against Renny Only)

106. CarGuard realleges all other allegations in this Complaint.

107. Defendants Renny had knowledge of the infringing conduct and unfair competition committed by the corporate defendants.

108. Renny materially contributed to and/or induced the conduct complained of herein despite his knowledge of the infringing conduct and unfair competition by the corporate defendants.

109. Renny is contributorily liable for trademark infringement and unfair competition under federal and state law and are, thus, jointly and severally liable for all damages for which the corporate defendants may be found liable.

## COUNT SIX
(Vicarious Trademark Infringement and Unfair Competition)
(Against Renny Only)

110. CarGuard realleges all other allegations in this Complaint.

111. Renny had the right and ability to supervise and control the infringing conduct and unfair competition committed by the corporate defendants and had a direct financial interest in such conduct.

112. Renny is vicariously liable for trademark infringement and unfair competition under federal and state law and are, thus, jointly and severally liable for all damages for which the corporate defendants may be found liable.

WHEREFORE Plaintiff CarGuard Administration Inc. requests entry of judgment in its favor and against Defendants National Administrative Service Co., LLC, Dimension Service Corporation, Autoguard Advantage Corporation, Affordable Auto Protection, LLC, and Augustus Renny as follows:

   A. For declaratory relief finding that Defendants' activities complained of herein are unlawful under federal and state law.

  B. For an award of actual damages to compensate CarGuard for its losses, damage to its business reputation, and/or lost sales and profits caused by Defendants' unlawful conduct.

  C. For an award in an amount equal to Defendants' profits attributable to their unlawful conduct.

  D. For an award of punitive damages in an amount appropriate to punish Defendants for their intentional and/or reckless disregard of CarGuard's rights, and to deter Defendants and others from engaging in such misconduct in the future.

  E. For an award of attorney fees and costs pursuant to 15 U.S.C. § 1117, and as otherwise provided by law.

  F. For an award of pre- and post-judgment interest on any ultimate award to the maximum amount permitted by law.

  G. For preliminary and permanent injunctive relief ordering Defendants and their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and any and all persons or entities in active concert with them, to:

   i) Immediately cease and desist from engaging in any further acts of false designation of origin and unfair competition including, without limitation, offering, marketing, advertising, promoting, or authorizing any third party to offer, market, advertise, or promote any goods or services bearing the CARGUARD mark or any other mark that is a confusingly similar variation or colorable imitation thereof;

   ii) Immediately cease and desist from making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (a) Defendants' offerings are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with CarGuard or (b) CarGuard's offerings are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants.

        iii) Refrain from registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark CARGUARD or any other mark that infringes or is likely to be confused with the CARGUARD mark, or any goods or services of CarGuard, or CarGuard as their source; and

        iv) Immediately cease and desist from assisting, aiding, or abetting any third person or entity in doing any act prohibited by the above-referenced subparagraphs.

    H. For such other and further relief as is proper and just.

## JURY TRIAL DEMAND

Plaintiff CarGuard Administration Inc. hereby requests a trial by jury pursuant to Rule 38, Fed. R. Civ. P.

Date: June 14, 2021.

Respectfully submitted,

*/s/Maria Crimi Speth*
Maria Crimi Speth
Aaron K. Haar
JABURG & WILK, P.C.
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012

Judith M. Mercier
(*Pro hac vice application forthcoming*)
Benjamin A. Taormina
(*Pro hac vice application forthcoming*)
HOLLAND & KNIGHT LLP
200 South Orange Avenue, Suite 2600
Orlando, Florida 32801

*Attorneys for Plaintiff*