WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CarGuard Administration Incorporated, | No. CV-21-01037-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Dimension Service Corporation, et al., | |
| Defendants. | |

Pending before the Court is Defendants Affordable Auto Protection, LLC ("Affordable") and Gustav Renny's Joint Motion to Dismiss Second Amended Complaint (the "Motion"). (Doc. 55.) These Defendants move to dismiss the Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(2), (5) and (6). The Court has read and considered the Motion, response, and reply and will grant in part and deny in part the Motion.

**I.     BACKGROUND**

Plaintiff, CarGuard Administration Incorporated ("CarGuard"), is an administrator of vehicle service contracts ("VSC"). (Doc. 46 ¶ 19.) CarGuard owns valid and subsisting common law rights to the CARGUARD mark. (*Id.* ¶ 24.)

Plaintiff alleges that Defendant AAP and Pelican are owned and operated by Defendant Renny. (*Id.* ¶ 10.) The SAC alleges that on October 15, 2020, Trevor Smith, the President of CarGuard, met with Renny and his business associate in Newport Coast, California. (*Id.* ¶ 50.) The purpose of the meeting was to see whether CarGuard was

interested in partnering with Renny and his business associate. (*Id.* ¶ 51.) Smith told Renny and his business associate that CarGuard was not interested at the conclusion of the meeting. (*Id.* ¶ 52.)

On March 12, 2021 at 10:54 AM, Plaintiff alleges that Charles Gonzales, a CarGuard employee located in Arizona, received an automated, pre-recorded telephone call that stated it was calling about Gonzales' expired automotive warranty. (*Id.* ¶ 53.) The call provided a means to talk with a live representative, and Gonzales followed that path. (*Id.* ¶¶ 56–57.) When he was connected with a live person, he asked who was selling the VSC, and the caller responded "CarGuard." (*Id.* ¶¶ 59–60.) Gonzales purchased a VSC over the phone by giving his credit card information. (*Id.* ¶¶ 62–64.) Gonzales later called the customer service number provided and requested a copy of the relevant documents. (*Id.* ¶ 65.) At some point, Gonzales received a confirmation email with a "specimen copy of the contract." (*Id.* ¶ 66.) The payment confirmation indicated it was "A Message from AAP" and identified AAP as the entity to which the payment was made. (*Id.* ¶ 75.) Gonzales also received a copy of the VSC application which identified AAP as the seller. (*Id.* ¶ 81.) Plaintiff alleges that AAP and Pelican both do business as AAP. (*Id.* ¶ 84.) Plaintiff also allege that Defendants misrepresented who they were when they used the name CarGuard in the phone call and further misrepresented that their services were affiliated with CarGuard by using the phrase "Car Guard Select" in the footer of their VSC applications and contracts. (*Id.* ¶¶ 86, 90.)

Plaintiff's SAC brings claims for trademark infringement, defamation, unfair competition, and related claims against Defendants Renny and Affordable Auto Protection, LLC, among other Defendants, arising out of the scheme described above. The SAC also brings claims for contributory trademark infringement and unfair competition, vicarious trademark infringement, and unfair competition against Defendant Renny only. (*Id.* ¶¶ 112–123.) Specifically, with regard to Renny, the Plaintiff alleges that Renny knew that CarGuard operated under the CarGuard trademark and, with full knowledge of CarGuard's trademark rights, directed others to solicit customers by telephone under the false pretense

that the calls were originating from CarGuard. (*Id.* ¶¶ 113–14.) The SAC also alleges that Renny is the registered agent, officer, director, and principle of AAP. (*Id.* ¶ 117.) The gist of Defendants Affordable and Renny's Motion is that Plaintiffs are suing the wrong company. Plaintiff has alleged that Affordable was doing business as "AAP." Affordable claims—and offers a self-serving affidavit by Renny—that is does not do business as "AAP."

## II. DISCUSSION

### A. Rule 12(b)(5)

Rule 12(b)(5) allows a party to move to dismiss claims against it for insufficient service of process. Fed R. Civ. P. 12(b)(5). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citation omitted). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint[,]" *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). The serving party bears the burden of establishing the validity of service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Affordable does not actually argue that service was insufficient but argues that they should not have been served in the first place because they are not "AAP." The Affidavit of Service, (Doc. 28), shows that Affordable was properly served. Thus, the Court rejects this argument.

### B. Rule 12(b)(2)

Prior to trial, a defendant may move to dismiss the complaint for lack of personal jurisdiction. *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); Fed. R. Civ. P. 12(b)(2). Plaintiffs bear the burden of establishing personal jurisdiction. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995). Where the

motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). In determining whether the plaintiff has met this burden, uncontroverted allegations in the plaintiff's complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). Arizona exerts personal jurisdiction to the "maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a); *see also A. Uberti and C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995) (analyzing personal jurisdiction in Arizona under federal law). Therefore, the analyses of personal jurisdiction under Arizona law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 283–84 (citations and internal quotations omitted). The court "employ[s] a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. If the

plaintiff satisfies the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

"A purposeful availment analysis is most often used in suits sounding in contract," while a purposeful direction analysis "is most often used in suits sounding in tort." *Id.*; *see also Brown v. Reese*, No. CV12-2003 PHX DGC, 2013 WL 525354, at *4 (D. Ariz. Feb. 11, 2013) ("[T]he Ninth Circuit has held that a district court should apply different jurisdictional tests to contract and tort cases.").

Plaintiff makes no attempt to argue that the Court has general jurisdiction over Affordable or Renny, nor could they. Therefore, the analysis will be confined to the issue of specific jurisdiction. Because the claims against the Affordable and Renny sound in tort, the Court applies the "purposeful direction" analysis for the first part of the specific jurisdiction analysis.

Purposeful direction is evaluated under the three-part "effects" test outlined in *Calder v. Jones*, 465 U. S. 783 (1984). *See Schwarzenegger*, 374 F. 3d. 797. That test requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered at the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1206 (9th Cir. 2006).

Here, Plaintiff alleged in the SAC that Affordable illegally placed unsolicited robocalls to Arizona residents soliciting their business. When a sale was successful, Plaintiff alleges that Affordable sent contracts to known Arizona residents, requested and received payments from Arizona residents, and engaged in business with Arizona residents. Plaintiffs allege that Defendant Renny was directing AAP to engage in these activities. The Court finds that these actions evidence an intentional act expressly aimed at Arizona. Further, Defendant Renny knew that CarGuard was located in Arizona and that any injury suffered by them would be suffered in Arizona. The *Calder* test is satisfied by the allegations in the SAC.

The remaining two requirements for specific jurisdiction are also satisfied. First,

the claims arise out of the solicitation of business directed at Arizona. Second, the exercise of jurisdiction is reasonable. Defendants have the burden to show that the exercise of jurisdiction would be unreasonable, and they have satisfied the burden.

The Court finds that it has specific jurisdiction over AAP if the allegations in the Complaint are true. Plaintiff, however, provides no evidence that Affordable is AAP. Plaintiff may normally rely on allegations in the SAC. "However, if the defendant submits evidence contradicting an allegation in the complaint, plaintiff must provide evidence to support its jurisdictional allegation; plaintiff may not simply fall back on conclusions of law stated in the complaint." *MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 1101, 1108 (D. Ariz. 2010). In response to the motion, Plaintiff argues that it researched Florida's corporate records and explains why it thinks AAP is Affordable. However, they did not provide any affidavit or records to support that argument. Therefore, the Court is compelled to grant the motion as to Affordable.

As to Defendant Renny, the answer is different. The SAC alleges that after Renny met with CarGuard and with full knowledge of CarGuard's trademark rights, Renny directed others to solicit customers by illegal robocall under the false pretense that the calls were originating from CarGuard—again, using a 480-number. As discussed earlier, those calls, and other activities directed at Arizona, are sufficient to confer jurisdiction. And although Renny is a corporate officer, he can be held individually liable for his own involvement in a tort. *See S. Union Co. v. Sw. Gas Corp.*, 180 F. Supp. 2d 1021, 1058 (D. Ariz. 2002); *Albers v. Edelson Tech. Partners L.P.*, 31 P.3d 821, 826 (Ariz. Ct. App. 2001); *Sports Imaging of Arizona, L.L.C. v.1993 CKC Tr.*, No. 1 CA-CV 05-0205, 2008 WL 4448063, at *13 (Ariz. Ct. App. Sept. 30, 2008). "To be held liable, the directors must participate or have knowledge amounting to acquiescence or be guilty of negligence in the management and supervision of the corporate affairs contributing to the injury." *S. Union Co.*, 180 F. Supp. at 1058 (quoting *Jabczenski v. Southern Pac. Mem. Hosps.*, Inc., 579 P.2d 53, 58 (Ariz. Ct. App.1978)).

**C. Rule 12(b)(6)**

- 6 -

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Defendants argue the claims against them should be dismissed for failure to state a claim because (1) the allegations against Renny relate to him being an officer of AAP; and (2) the claims against AAP and Renny constitute "shotgun pleadings."

As stated above, a corporate officer can be held individually liable for the tortious activity of a business. Considering the SAC as a whole, there are sufficient allegations to support that Renny had sufficient knowledge of, and indeed directed, the scheme resulting in the claims.

Defendants Affordable and Renny make no attempt to individually evaluate each claim for failure to state a claim but just claim, generally, that each claim fails because the

SAC claims are "shotgun pleadings."

> A complaint is a shotgun pleading where it has at least one of the following characteristics: (1) it "contain[s] multiple counts where each count adopts the allegations of all preceding counts," (2) it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions[] or which of the defendants the claim is brought against."

*Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2020 WL 4732145, at *9 (D. Ariz. Aug. 14, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). Defendants Affordable and Renny rely on the third characteristic and assert that the SAC fails to specify which defendant is responsible for which act or omission. However, in reading the complaint as a whole, it is clear at a superficial level what Affordable and Renny's roles were. Renny had the requisite knowledge of CarGuard's rights in the CARGUARD mark. He participated in creating the plan to use robocalls to sell VSCs, and he directed the other entities to solicit that business in Arizona where he knew CarGuard would be injured. Affordable, as AAP, processed the payments for the VSCs and is identified in documents as the seller. The pleadings have stated enough facts to give Affordable and Renny notice of what their alleged role is in the overall causes of action. Therefore, the motions pursuant to Rule 12(b)(6) will be denied.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** granting in part and denying in part Defendants' Joint Motion to Dismiss Second Amended Complaint. (Doc. 55.) The Motion is granted as to Affordable Auto Protection, LLC for lack of personal jurisdiction without prejudice. The motion is denied as to Gustav Renny.

**IT IS FURTHER ORDERED** granting Plaintiff's request for jurisdictional discovery. Such discovery must be completed within 60 days of the date of this order. Plaintiff may then file a Third Amended Complaint no later than 21 days after the

completion of jurisdictional discovery.

Dated this 10th day of June, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge